UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LINDON AMEDE,

               *Petitioner*,

– against –

U.S. PROBATION SERVICES, *et al.*,

               *Respondents.*

**TRANSFER ORDER**
24-cv-05421 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

Petitioner Lindon Amede, currently on supervised release in Brooklyn, New York, filed the instant petition *pro se* for a writ of habeas corpus ostensibly pursuant to 28 U.S.C. § 2241 ("Section 2241"), in which he challenges the validity of his conviction. Pet., ECF No. 1 ("Petition"). For the reasons stated below and in the Court's previous order, ECF No. 9, the Court transfers this action to the United States District Court for the Southern District of Florida.

### BACKGROUND

Petitioner was convicted in the Southern District of Florida of attempt to possess with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841 & 846. *United States v. Amede* Docket, No. 17-cr-60053 (S.D. Fla.); Oct. 18, 2017 Min. Entry, *United States v. Amede*, ECF No. 56. On March 8, 2018, Judge Huck sentenced petitioner to 121 months' imprisonment and five years' supervised release. *See* Sentencing Hr'g Tr. 18:10–19:24, No. 17-cr-60053 (S.D. Fla. Mar. 8, 2018), ECF No. 156.

1

Amede's term of incarceration ended and his supervisory release period began on August 2, 2024. *See* Def.'s Mot. to Modify Conditions of Release ¶ 9, No. 17-cr-60053 (S.D. Fla. Aug. 30, 2024), ECF No. 177. That same day, petitioner filed the instant Petition. *See generally* Pet., ECF No. 1. In his Petition, Amede challenges his conviction on the grounds that it was invalidly obtained. Pet. 5–7,[1] ECF No. 1. Specifically, petitioner contends that the district court violated his due process rights by constructively and unlawfully amending the indictment through jury instructions and the jury verdict form presented to the jury. *See* Pet. 5–7, ECF No. 1. Petitioner styled his Petition as one pursuant to Section 2241, although in his Petition he also challenges the validity of his conviction pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See* Pet. 1, 4, ECF No. 1.

On January 28, 2025, this Court, construing Amede's Petition liberally, concluded that petitioner "challenge[d] his terms of supervised release on the basis that his initial conviction was invalidly obtained." Order 3, ECF No. 9. And because a petition seeking to modify terms of a supervised release challenges the validity of a sentence, rather than its execution, the Petition was properly brought pursuant to Section 2255 instead of Section 2241. *See* Order 3, ECF No. 9. Therefore, since Section 2255 petitions are properly filed in the district that imposed the sentence, the Court determined that "proper venue would lie in the Southern District of Florida, the district that imposed petitioner's sentence[.]" Order 3–4, ECF No. 9.

Accordingly, this Court provided Amede an opportunity to either withdraw his petition by informing the Court in writing, or file an amended petition pursuant to Section

---

[1] Where necessary, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

2255 by February 27, 2025. *See* Order 5, ECF No. 9. The Court advised petitioner that if he chose to file an amended petition, the case would be transferred to the Southern District of Florida. Order 5, ECF No. 9. To date, petitioner has not responded to the Court's order.

## DISCUSSION

Section 2255 petitions are properly filed in the district that imposed the sentence at issue. *See Fisher v. Hudson*, 665 F. App'x 59, 61–62 (2d Cir. 2016); *Jackson v. Terrell*, No. 11-cv-03068, 2012 WL 213800, at *2 (E.D.N.Y. Jan. 24, 2012). Had petitioner originally brought this Petition under Section 2255, proper venue would lie in the Southern District of Florida, the district that imposed petitioner's sentence, *see generally* Sentencing Hr'g Tr., No. 17-cr-60053 (S.D. Fla. Mar. 8, 2018), ECF No. 156, and has modified it two times since. *See also* Am. J., No. 17-cr-60053 (S.D. Fla. July 25, 2024), ECF No. 176; Order, No. 17-cr-60053 (S.D. Fla. Nov. 13, 2024), ECF No. 181.

Because the Antiterrorism and Effective Death Penalty Act's ("AEDPA") places "stringent limits" on successive habeas applications, courts "should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless . . . the court . . . offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams v. United States*, 155 F.3d 582, 583–84 (2d Cir. 1998); *see also Fashewe v. United States*, No. 09-cv-03817, at *2 (E.D.N.Y. Sept. 29, 2009). The Court offered petitioner an opportunity to withdraw his motion, and he has failed to do so. *See* Order, ECF No. 9.

Thus, since a Section 2255 proceeding may be Amede's only route to the relief he seeks, and must be filed in the district that imposed the sentence, venue is improper in this Court and the Southern District of Florida is the proper venue for this action.

## CONCLUSION

The Court finds that transfer of this case to the Southern District of Florida is in the interest of justice. The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. §§ 1406(a), 2255. The Court offers no opinion on the merits of the Petition. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived. The Clerk of Court is directed to mark this case closed and mail a copy of this Order to petitioner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

      /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated: March 20, 2025
      Brooklyn, New York

4